IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARY JANE MCGILL, CAROLE　　　　　　　　　　　　　　　　　　　　　　　　　PLAINTIFFS
GALLOWAY, LINDA SHARP
REAMES, TERRY NICHOLS,
GARY SHARP, SHARON
SHARP, LARRY SHARP,
MICHAEL SHARP, JAY LINDSAY,
GERALD SHARP, RICHARD SHARP,
ALLEN NANCE, RANDY WOOTEN,
F&G INVESTMENTS, LLP, Individually
and as Class Representatives on Behalf
of All Similarly Situated Persons

VS.　　　　　　　　　　　　CASE NO. 4:07-CV-4003

LAFAYETTE COUNTY, ARKANSAS,
FRANK SCROGGINS, County Judge,
DANNY ROGERS, County Attorney,
and JOHN GRIFFIN, County Attorney　　　　　　　　　　　　　　　　　　　　　DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss. (Doc. 11). Plaintiffs have responded. (Doc. 15). The Court held a hearing on the Motion to Dismiss on August 10, 2007. (Doc. 22). The matter is ripe for consideration.

I. BACKGROUND

Plaintiffs bring this class action lawsuit pursuant to 42 U.S.C. § 1983 to recover mineral royalties and condemnation proceeds allegedly misappropriated by Lafayette County, Arkansas. Oil and gas exploration companies commonly file Receivership complaints in Lafayette County, seeking to have a court-appointed receiver grant oil and gas exploration rights. A receiver is regularly needed to facilitate this process, since mineral interests can become severed from surface estates, and over the years, ownership of mineral interests becomes fractionalized and complex. The court-

appointed receiver negotiates an oil and gas lease that covers the mineral interests of the mineral owners, some of whom cannot be found or refuse to accept the lease. The Court then directs that all proceeds, rents and royalties derived from the production of oil and gas be placed in the registry of the court for safe keeping and eventual distribution. Interest accrues on funds placed in the registry of the court. A similar process results in the unclaimed proceeds of condemnation suits being placed in the registry of the court to await distribution.

The Lafayette County Circuit Court, in orders dated April 10, 1990 (Doc. 12-3) and February 20, 2003, (Doc. 12-2) ordered unclaimed mineral royalties and condemnation proceeds transferred to the county general fund. The February 20, 2003 order applied to funds in the county trust fund that had been unclaimed since 1999. (Doc. 12-2, pg. 1). Plaintiffs contend these court-ordered transfers deprived them of procedural due process under the 5th and 14th Amendments to the Constitution. Specifically, Plaintiffs allege that Lafayette County's chosen notice provision–publication–was inadequate and designed "so as not to give notice to potential claimants." (Doc. 16, pg. 3). Defendants now move to dismiss Plaintiffs' claims based on, *inter alia*, the statute of limitations and judicial immunity.

## II. MOTION TO DISMISS STANDARD

In reviewing Defendants' Motion to Dismiss, the Court assumes as true all factual allegations of the complaint. *Abels v. Farmers Commodities Corp.,* 259 F.3d 910, 914 (8th Cir. 2001). "However, the complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal." *DuBois v. Ford Motor Credit Co.,* 276 F.3d 1019, 1022 (8th Cir. 2002). "In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears

beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  Thus, this Court will dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

### III. DISCUSSION

Defendants' first ground for dismissal is that Plaintiffs filed this lawsuit outside the applicable statute of limitations.  Plaintiffs bring this lawsuit pursuant to 42 U.S.C. § 1983.  In Arkansas, the statute of limitations for § 1983 actions is three years.  *Ketchum v. City of West Memphis, Ark*., 974 F.2d 81, 82 (8th Cir. 1992); *Morton v. City of Little Rock*, 934 F.2d 180, 182 (8th Cir. 1991); Ark. Code Ann. § 16-56-105.  Plaintiffs complain that the Lafayette County Circuit Court misappropriated funds belonging to Plaintiffs, transferring the same to the county general fund without first providing due process.  The alleged misappropriation is traceable to two orders of the Lafayette County Circuit Court, the first dated April 10, 1990 (Doc. 12-3), and the second dated February 20, 2003 (Doc. 12-2).  Plaintiffs filed their class action complaint January 19, 2007, more than three years after the second challenged order, and outside the applicable limitations period.

In responding to Defendants' Motion to Dismiss, Plaintiffs argue that the statute of limitations should be tolled due to Defendants' fraudulent concealment of Plaintiffs' cause of action.  In Arkansas, fraud suspends the statute of limitations until the party having the cause of action discovers the fraud, or should have discovered it by the exercise of reasonable diligence. *Adams v. Arthur*, 333 Ark. 53, 63, 969 S.W.2d 598 (Ark. 1998).  The existence of fraud is normally a question of fact; however, when the evidence leaves no room for reasonable difference of opinion, the trial

3

court may resolve the issue as a matter of law. *Martin v. Arthur*, 339 Ark. 149, 154, 3 S.W.3d 684 (Ark. 1999). In Arkansas, once defendants have plead the statute of limitations defense and it is clear from the face of the complaint that the action is barred by the applicable limitations period, the burden shifts to the plaintiff to prove by a preponderance of the evidence that the statute was in fact tolled. *Martin*, 339 Ark. at 154.

Plaintiffs' fraudulent concealment claim requires proof of the five elements of fraud in Arkansas: (1) a false representation of a material fact; (2) knowledge that the representation is false or that there is insufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance on the representation; and (5) damage suffered as a result of the representation. *Tyson Foods v. Davis,* 347 Ark. 566, 577, 66 S.W.3d 568 (Ark. 2002); *Ultracuts Ltd. v. Wal-Mart Stores, Inc.*, 343 Ark. 224, 234, 33 S.W.3d 128 (Ark. 2000). For an Arkansas court to toll the statute of limitations due to fraudulent concealment, Plaintiffs must show "more than a continuation of prior nondisclosure." *Shelton v. Fiser*, 340 Ark. 89, 96, 8 S.W.3d 557 (Ark. 2000); *McKneely v. Terry*, 61 Ark. 527, 33 S.W. 953, 957 (Ark. 1896)(stating that "mere ignorance on the part of the plaintiff of his rights" will not toll the running of the statute of limitations). Indeed, fraudulent concealment requires proof of a positive act of fraud that is "so furtively planned and secretly executed as to keep the plaintiff's action concealed, or perpetrated in such a way that conceals itself. *Shelton,* 340 Ark. at 96. Thus, in order to toll the statute of limitations on the basis of fraudulent concealment, there must be (1) a positive act of fraud (2) that is actively concealed, and (3) is not discoverable by reasonable diligence. *Bomar v. Moser*, 369 Ark. 123, — S.W.3d —, 2007 WL 615111 (Ark. 2007).

The present case involves no positive act of fraud. As Plaintiffs plead in their complaint,

"in most cases, a notice was run in the local newspaper of general circulation giving notice of the forfeiture, the style of the case, and a case number." (Doc. 1, ¶ 33).  Certainly, Lafayette County could have provided better notice to owners of mineral royalties and condemnation proceeds.  However, Defendants' actions in this case fall well below the standard previously outlined for fraudulent concealment.  At worst, Defendants' engaged in a continuation of prior nondisclosure, which Arkansas precedent clearly holds as insufficient to support a claim of fraudulent concealment. *See, e.g., Shelton,* 340 Ark. at 96.  As a result, Plaintiffs attempt to toll the statute of limitations based on fraudulent concealment fails.  Plaintiffs' cause of action accrued–at the very latest–on February 20, 2003, more than three years before their class action complaint was filed.  As a result, the claims now before the Court are time-barred, and the Court does not need to address the remainder of Defendants' Motion to Dismiss.

## IV. CONCLUSION

For reasons stated herein and above, Plaintiffs' claims are barred by the statute of limitations.  Accordingly, Defendants have shown good cause for their Motion to Dismiss, and the same should be and hereby is **GRANTED**.  This case is hereby **DISMISSED**.

**IT IS SO ORDERED**, this 28th day of September, 2007.

      /s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge